E. O. Ricketts, Columbus, Guy V. Fridley, Columbus, and Olin L. Parrett for defendant.

## McVEIGH v STEPHENSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2160.  Decided Feb 16, 1932

HORNBECK, J.

The section, §11908, in so far as pertinent reads:

"A person who, without fraud or collusion on his part, obtained title to and is in the quiet possession of lands or tenements, claiming to own them, shall not be evicted or turned out of possession by any person who sets up and proves an adverse and better title, until the occupying claimant, or his heirs, is paid the value of lasting improvements made by him on the land, or by the person under whom he holds, before the commencement of suit on the adverse claim whereby such eviction may be effected, unless the occupying claimant refuses to pay to the party establishing a better title the value of the lands without the improvement made as aforesaid, on demand by him or his heirs."

If the action of plaintiff in the instant suit is one "whereby the eviction of the defendant may be effected," we would hesitate to say that it could not be urged in this court although presented for the first time. It would seem probable that the defendant having the opportunity to assert this defense in the Common Pleas Court, having failed to do so, and having now elected to urge it here, could not be heard to say that she was entitled to a jury, but would be relegated to such relief as this court could afford.

But, as we view the proceeding the defendant is not required to set up her claim under the occupying claimant's act in this court, nor is it timely that she do so, because her day in court will be assured though the plaintiff secure the relief prayed in her petition. The principal prayer of the petition is to require the defendant to reconvey the premises in question to the plaintiff and this was the order of the trial court. It must be presumed that as the defendant has legal title she is in possession of the premises, and that a decree from this court will not operate to put the plaintiff in possession, but to grant to her a judgment which establishes her right to possession. Thus defendant's eviction will not be effected by any decree in this court. An action in eviction will have to be brought against the defendant although the plaintiff is successful, and when this action is instituted the defendant is accorded her right to set up any claim which she may properly assert by the terms of §11908, GC.

We do not consider §§11907 and 11908 GC, as jurisdictional, compliance with which is prerequisite to the institution of the action in the instant case. That portion of §11908, GC, underscored, which provides that,

"A person * * * shall not be evicted or turned out of possession by any person who sets up and proves an adverse and better title, until the occupying claimant * * * is paid the value of lasting improvements made by him on the land * * * before the commencement of suit on the adverse claim whereby such eviction may be effected, unless the occupying claimant refuses to pay to the party establishing a better title the value of the lands without the improvements made as aforesaid, on demand by him or his heirs," etc.,

probably relates to the time up to which the occupying claimant may assert her demand because of improvements made, the value of which is protected by the section. Nor, as we have indicated is this an action to evict.

We therefore are of opinion that it is not proper to include the second defense in the amended answer of the defendant, it may be stricken from the amended answer, which may be filed including the first and third defenses thereof.

ALLREAD, PJ, and KUNKLE, J, concur.